

**U.S. Department of Justice**

*United States Attorney*
*District of Maryland*
*Northern Division*

---

*Christine Duey*
*Assistant United States Attorney*
*Christine.Duey2@usdoj.gov*
JTM 10.27.21

*Mailing Address:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*Office Location:*
*36 S. Charles Street, 4th Floor*
*Baltimore, MD 21201*

*DIRECT: 410-209-4855*
*MAIN: 410-209-4800*
*FAX: 410-962-3091*

October 27, 2021

Sedira Banan
Office of the Federal Public Defender
Tower II, Suite 900
100 South Charles Street
Baltimore, MD 21201

    Re:    <u>United States v. Kyle Elio Ripper</u>
             Case No. SAG-20-0362

Dear Counsel:

       This letter, together with the Sealed Supplement, confirms the plea agreement (this "Agreement") that has been offered to your client, Kyle Elio Ripper, ("Defendant"), by the United States Attorney's Office for the District of Maryland ("this Office"). If the Defendant accepts this offer, please have the Defendant execute it in the spaces provided below. If this offer has not been accepted by November 12, 2021, it will be deemed withdrawn. The terms of the Agreement are as follows:

### Offense of Conviction

      1.     The Defendant agrees to plead guilty to **Count Four**, which charges the Defendant with Coercion and Enticement, in violation of 18 U.S.C. § 2422(b). The Defendant admits that the Defendant is, in fact, guilty of the offenses and will so advise the Court.

### Elements of the Offense

      2.     The elements of the offenses to which the Defendant has agreed to plead guilty, and which this Office would prove if the case went to trial, are as follows: That on or about the time alleged in the Indictment, in the District of Maryland, the Defendant:

          a.     used a facility of interstate commerce;

          b.     to knowingly persuade, induce, entice, or coerce;

          c.     a person who is younger than 18; and



Rev. August 2018

d. to engage in an illegal sexual activity as detailed in the Indictment (Production of Child Pornography, in violation of 18 U.S.C. § 2251(a); Receipt of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2) and Md. Code, Crim. Law § 11-207(a)(1)).

## Penalties

3. The maximum penalties provided by statute for the offense to which the Defendant is pleading guilty are as follows:

| Count | Statute | Minimum Prison | Maximum Prison | Supervised Release | Maximum Fine | Special Assessment |
|---|---|---|---|---|---|---|
| 4 | 18 U.S.C. § 2422(b) | 10 years | life | At least five years, up to life | $250,000 | $5,100 |

a. Prison: If the Court orders a term of imprisonment, the Bureau of Prisons has sole discretion to designate the institution at which it will be served.

b. Supervised Release: If the Court orders a term of supervised release, and the Defendant violates the conditions of supervised release, the Court may order the Defendant returned to custody to serve a term of imprisonment as permitted by statute, followed by an additional term of supervised release.

c. Restitution: The Court may order the Defendant to pay restitution pursuant to 18 U.S.C. §§ 3663, 3663A, 3664 and § 2259.

d. Payment: If a fine or restitution is imposed, it shall be payable immediately, unless the Court orders otherwise under 18 U.S.C. § 3572(d). The Defendant may be required to pay interest if the fine is not paid when due.

e. Forfeiture: The Court may enter an order of forfeiture of assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property subject to forfeiture.

f. Collection of Debts: If the Court imposes a fine or restitution, this Office's Financial Litigation Unit will be responsible for collecting the debt. If the Court establishes a schedule of payments, the Defendant agrees that: (1) the full amount of the fine or restitution is nonetheless due and owing immediately; (2) the schedule of payments is merely a minimum schedule of payments and not the only method, nor a limitation on the methods, available to the United States to enforce the judgment; and (3) the United States may fully employ all powers to collect on the total amount of the debt as provided by law. Until the debt is paid, the Defendant agrees to disclose all assets in which the Defendant has any interest or over which the Defendant exercises direct or indirect control. Until the money judgment is satisfied, the Defendant

authorizes this Office to obtain a credit report in order to evaluate the Defendant's ability to pay, and to request and review the Defendant's federal and state income tax returns. The Defendant agrees to complete and sign a copy of IRS Form 8821 (relating to the voluntary disclosure of federal tax return information) and a financial statement in a form provided by this Office.

Waiver of Rights

4. The Defendant understands that by entering into this Agreement, the Defendant surrenders certain rights as outlined below:

    a. If the Defendant had pled not guilty and persisted in that plea, the Defendant would have had the right to a speedy jury trial with the close assistance of competent counsel. That trial could be conducted by a judge, without a jury, if the Defendant, this Office, and the Court all agreed.

    b. If the Defendant elected a jury trial, the jury would be composed of twelve individuals selected from the community. Counsel and the Defendant would have the opportunity to challenge prospective jurors who demonstrated bias or who were otherwise unqualified, and would have the opportunity to strike a certain number of jurors peremptorily. All twelve jurors would have to agree unanimously before the Defendant could be found guilty of any count. The jury would be instructed that the Defendant was presumed to be innocent, and that presumption could be overcome only by proof beyond a reasonable doubt.

    c. If the Defendant went to trial, the Government would have the burden of proving the Defendant guilty beyond a reasonable doubt. The Defendant would have the right to confront and cross-examine the Government's witnesses. The Defendant would not have to present any defense witnesses or evidence whatsoever. If the Defendant wanted to call witnesses in defense, however, the Defendant would have the subpoena power of the Court to compel the witnesses to attend.

    d. The Defendant would have the right to testify in the Defendant's own defense if the Defendant so chose, and the Defendant would have the right to refuse to testify. If the Defendant chose not to testify, the Court could instruct the jury that they could not draw any adverse inference from the Defendant's decision not to testify.

    e. If the Defendant were found guilty after a trial, the Defendant would have the right to appeal the verdict and the Court's pretrial and trial decisions on the admissibility of evidence to see if any errors were committed which would require a new trial or dismissal of the charges. By pleading guilty, the Defendant knowingly gives up the right to appeal the verdict and the Court's decisions.

    f. By pleading guilty, the Defendant will be giving up all of these rights, except the right, under the limited circumstances set forth in the "Waiver of Appeal" paragraph below, to appeal the sentence. By pleading guilty, the Defendant understands that the Defendant may have to answer the Court's questions both about the rights being given up and about the facts of the case. Any statements that the Defendant makes during such a hearing would not be

admissible against the Defendant during a trial except in a criminal proceeding for perjury or false statement.

        g.      If the Court accepts the Defendant's plea of guilty, the Defendant will be giving up the right to file and have the Court rule on pretrial motions, and there will be no further trial or proceeding of any kind in the above-referenced criminal case, and the Court will find the Defendant guilty.

        h.      By pleading guilty, the Defendant will also be giving up certain valuable civil rights and may be subject to deportation or other loss of immigration status, including possible denaturalization. The Defendant recognizes that if the Defendant is not a citizen of the United States, or is a naturalized citizen, pleading guilty may have consequences with respect to the Defendant's immigration status. Under federal law, conviction for a broad range of crimes can lead to adverse immigration consequences, including automatic removal from the United States. Removal and other immigration consequences are the subject of a separate proceeding, however, and the Defendant understands that no one, including the Defendant's attorney or the Court, can predict with certainty the effect of a conviction on immigration status. The Defendant is not relying on any promise or belief about the immigration consequences of pleading guilty. The Defendant nevertheless affirms that the Defendant wants to plead guilty regardless of any potential immigration consequences.

### Advisory Sentencing Guidelines Apply

5.      The Defendant understands that the Court will determine a sentencing guidelines range for this case (henceforth the "advisory guidelines range") pursuant to the Sentencing Reform Act of 1984 at 18 U.S.C. § 3551-3742 (excepting 18 U.S.C. § 3553(b)(1) and 3742(e)) and 28 U.S.C. §§ 991 through 998. The Defendant further understands that the Court will impose a sentence pursuant to the Sentencing Reform Act, as excised, and must take into account the advisory guidelines range in establishing a reasonable sentence.

### Factual and Advisory Guidelines Stipulation

6.      This Office and the Defendant stipulate and agree to the Statement of Facts set forth in Attachment A, which is incorporated by reference herein.

        a.      Pursuant to United States Sentencing Guidelines ("U.S.S.G.") § 1B1.2(c), this agreement contains a stipulation that specifically establishes the commission of additional offenses (Sexual Exploitation of Minor Victim #2 and Possession of Child Pornography) and accordingly, shall be treated as if the Defendant had been convicted of those additional offenses.

### GROUP ONE
### Sexual Exploitation of Minor Victim #1

        b.      Group One (Coercion and Enticement of Victim #1)(Count Four)

   i. This Office and the Defendant agree and stipulate that pursuant to U.S.S.G. § 2G1.3(c)(1), a cross reference applies in this matter because the case involves the sexual exploitation of a minor, therefore U.S.S.G. § 2G2.1 is the appropriate advisory guideline. As such, pursuant to U.S.S.G. § 2G2.1(a), the base offense level is **32**.

   ii. This Office and the Defendant further agree that there is a **2** level increase, because the offense involved a minor victim who had attained the age of 12, but who had not yet attained the age of 16, pursuant to U.S.S.G. § 2G2.1(b)(1)(B).

   iii. This Office and the Defendant further agree that there is a **2** level increase, because the offense involved the Defendant's commission of a sexual act and sexual contact involving Minor Victim #1, pursuant to U.S.S.G. § 2G2.1(b)(2).

   c. Thus, the adjusted offense level for Group One is **36**.

## GROUP TWO
### Sexual Exploitation of Minor Victim #2

   d. Group Two (Sexual Exploitation of Minor Victim #2)

   i. This Office and the Defendant agree and stipulate that pursuant to U.S.S.G. § 2G1.3(c)(1), a cross reference applies in this matter because the case involves the sexual exploitation of a minor, therefore U.S.S.G. § 2G2.1 is the appropriate advisory guideline. As such, pursuant to U.S.S.G. § 2G2.1(a), the base offense level is **32**.

   ii. This Office and the Defendant further agree that there is a **2** level increase, because the offense involved the Defendant's commission of a sexual act and sexual contact involving Minor Victim #2, pursuant to U.S.S.G. § 2G2.1(b)(2).

   iii. Thus, the adjusted offense level for Group Two is **34**.

## GROUP THREE
### Possession of Child Pornography

   e. Group Three (Possession of Child Pornography)

   i. This Office and the Defendant agree and stipulate that the applicable base offense level, pursuant to U.S.S.G. § 2G2.2, is **18**.

   ii. This Office and the Defendant further agree that there is a **2** level increase, because prepubescent minors were depicted in the images possessed by the Defendant, pursuant to U.S.S.G. § 2G2.2(b)(2).

   iii. This Office and the Defendant further agree that there is a **4** level increase, because the Defendant possessed material that portrays minors involved in sadistic or masochistic

conduct, pursuant to U.S.S.G. § 2G2.2(b)(4)(A), and he also possessed material involving the sexual abuse of infants and toddlers, pursuant to U.S.S.G. § 2G2.2(b)(4)(B).

    iv. This Office and the Defendant further agree that there is a **5** level increase, because the Defendant engaged in a pattern of activity involving the sexual abuse or exploitation of a minor, pursuant to U.S.S.G. § 2G2.2(b)(5).

    v. This Office and the Defendant further agree that there is a **2** level increase, because the offense involved the use of a computer, pursuant to U.S.S.G. § 2G2.2(b)(6).

    vi. Office and the Defendant further agree that there is a **5** level increase, because the Defendant possessed more than 600 sexually explicit visual depictions of minors being exploited, pursuant to U.S.S.G. § 2G2.2(b)(7)(B).

    vii. Thus, the adjusted offense level for Group Three is **36**.

  f. Multiple Counts / Grouping

    i. Pursuant to U.S.S.G. § 3D1.4(a), this Office and the Defendant stipulate and agree to the following; (1) Group One (Sexual Exploitation of Minor Victim #1) calculates as **one unit**; (2) Group Two (Sexual Exploitation of Minor Victim #2) calculates as an additional **one unit**; and (3) Group Three (Possession of Child Pornography) calculates as an additional **one unit**, because Group Two and Group Three are equally serious to, or are within one to four levels of Group One. Thus the total calculation of units pursuant to U.S.S.G. § 3D1.4(a) is **three units**.

    ii. Pursuant to the table in U.S.S.G. § 3D1.4, this Office and the Defendant further agree that, because the number of units in this matter is calculated to be **three units**, then a ~~two~~ *three* level increase to the Group with the highest offense level is applicable. The Group with the highest offense level is **36** (Group One), and as such, the offense level of **36** is increased by **three levels**.

    iii. Thus, the adjusted offense level of Group One is **39**.

  g. This Office does not oppose a **2** level reduction in the Defendant's adjusted offense level pursuant to U.S.S.G. § 3E1.1(a), based upon the Defendant's apparent prompt recognition and affirmative acceptance of personal responsibility for the Defendant's criminal conduct. This Office agrees to make a motion pursuant to U.S.S.G. § 3E1.1(b) for an additional **1** level decrease in recognition of the Defendant's timely notification of the Defendant's intention to enter a plea of guilty. This Office may oppose any adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1(a) and may decline to make a motion pursuant to U.S.S.G. § 3E1.1(b), if the Defendant: (i) fails to admit each and every item in the factual stipulation; (ii) denies involvement in the offense; (iii) gives conflicting statements about the Defendant's involvement in the offense; (iv) is untruthful with the Court, this Office, or the United States Probation Office; (v) obstructs or attempts to obstruct justice prior to sentencing; (vi) engages in any criminal conduct between the date of this Agreement and the date of sentencing; (vii) attempts to withdraw the plea of guilty; or (viii) violates this Agreement in any way.

Rev. August 2018

      h.      Thus, the final adjusted offense level is **36**.

7. There is no agreement as to the Defendant's criminal history and the Defendant understands that the Defendant's criminal history could alter the Defendant's offense level. Specifically, the Defendant understands that the Defendant's criminal history could alter the final offense level if the Defendant is determined to be a career offender or if the instant offense was a part of a pattern of criminal conduct from which the Defendant derived a substantial portion of the Defendant's income.

8. Other than as set forth above, no other offense characteristics, sentencing guidelines factors, potential departures or adjustments set forth in the United States Sentencing Guidelines are in dispute or will be raised in calculating the advisory guidelines range.

## Obligations of the Parties

9. At the time of sentencing, this Office and the Defendant each reserve the right to advocate for a reasonable sentence, including a period of incarceration, period of supervised release, and/or fine considering any appropriate factors under 18 U.S.C. § 3553(a). This Office and the Defendant reserve the right to bring to the Court's attention all information with respect to the Defendant's background, character, and conduct that this Office or the Defendant deem relevant to sentencing, including the conduct that is the subject of any counts of the Indictment. At the time of sentencing, this Office will move to dismiss any open counts against the Defendant.

## Sex Offender Registration

10. The Defendant understands and agrees that, as a consequence of the Defendant's conviction for the crimes to which the Defendant is pleading guilty, the Defendant will be required to register as a sex offender in the place where the Defendant resides, is an employee, and is a student, pursuant to the Sex Offender Registration and Notification Act (SORNA), and the laws of the state of the Defendant's residence. Failure to do so may subject the Defendant to new charges pursuant to 18 U.S.C. § 2250.

## Additional Special Assessments in Sex Crimes Cases

11. Pursuant to 18 U.S.C. § 3014 (the Justice for Victims of Trafficking Act "JVTA"), since the offense of conviction is under Chapter 110 (relating to sexual exploitation and other abuse of children), the Defendant must pay an additional special assessment of $5,000, unless the Defendant is indigent.

12. Assessments in Child Pornography Cases: Pursuant to 18 U.S.C. § 2259A (the Amy, Vicky, and Andy Child Pornography Victim Assistance Act "AVAA"), in addition to any other criminal penalty, restitution, or special assessment authorized by law, the court shall assess: (1) not more than $17,000 on any person convicted of an offense under section 2252(a)(4) or 2252A(a)(5); (2) not more than $35,000 on any person convicted of any other offense for

trafficking in child pornography; and (3) not more than $50,000 on any person convicted of a child pornography production offense.

### Waiver of Appeal

13. In exchange for the concessions made by this Office and the Defendant in this Agreement, this Office and the Defendant waive their rights to appeal as follows:

    a. The Defendant knowingly waives all right, pursuant to 28 U.S.C. § 1291 or any other statute or constitutional provision, to appeal the Defendant's conviction on any ground whatsoever. This includes a waiver of all right to appeal the Defendant's conviction on the ground that the statute(s) to which the Defendant is pleading guilty is unconstitutional, or on the ground that the admitted conduct does not fall within the scope of the statute(s), to the extent that such challenges legally can be waived.

    b. The Defendant and this Office knowingly and expressly waive all rights conferred by 18 U.S.C. § 3742 to appeal whatever sentence is imposed (including any term of imprisonment, fine, term of supervised release, or order of restitution) for any reason (including the establishment of the advisory sentencing guidelines range, the determination of the Defendant's criminal history, the weighing of the sentencing factors, and any constitutional challenges to the calculation and imposition of any term of imprisonment, fine, order of forfeiture, order of restitution, and term or condition of supervised release), except as follows:

        i. The Defendant reserves the right to appeal any sentence that exceeds the statutory maximum; and

        ii. This Office reserves the right to appeal any sentence below a statutory minimum.

    c. The Defendant waives any and all rights under the Freedom of Information Act relating to the investigation and prosecution of the above-captioned matter and agrees not to file any request for documents from this Office or any investigating agency.

### Forfeiture

14. The Defendant understands that the Court may enter an Order of Forfeiture as part of the Defendant's sentence, and that the Order of Forfeiture may include assets directly traceable to the offense, substitute assets, and/or a money judgment equal to the value of the property derived from, or otherwise involved in, the offenses.

15. Specifically, but without limitation on the Government's right to forfeit all property subject to forfeiture as permitted by law, the Defendant agrees to forfeit to the United States all of the Defendant's right, title, and interest in the following items that the Defendant agrees constitute money, property, and/or assets derived from or obtained by the Defendant as a result of, or used to facilitate the commission of, the Defendant's illegal activities:

    a.    A Black Apple iPhone 8 Plus (serial number FD3Z63H4N1YP);

    b.    A Hewlett Packard (HP) laptop computer with 500 GB Western Digital internal hard disk drive (serial number WX71A96H8FED);

    c.    A Seagate 2TB expansion portable drive (serial number NA87JZSV);

    d.    A Silver Apple iPhone 6s Model A1688;

    e.    A Silver Apple iPhone with IMEI 355791071674134; and

    f.    A White Apple iPhone 5c Model A1532 (IMEI 013889003529782).

16.    The Defendant agrees to consent to the entry of orders of forfeiture for the property described herein and waives the requirements of Federal Rules of Criminal Procedure 11(b)(1)(J), 32.2, and 43(a) regarding notice of the forfeiture in the charging instrument, advice regarding forfeiture during the change of plea hearing, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment.

17.    The Defendant agrees to assist fully in the forfeiture of the above property. The Defendant agrees to disclose all assets and sources of income, to consent to all requests for access to information related to assets and income, and to take all steps necessary to pass clear title to the forfeited assets to the United States, including executing all documents necessary to transfer such title, assisting in bringing any assets located outside of the United States within the jurisdiction of the United States, and taking whatever steps are necessary to ensure that assets subject to forfeiture are made available for forfeiture.

18.    The Defendant waives all challenges to any forfeiture carried out in accordance with this Agreement on any grounds, including any and all constitutional, legal, equitable, statutory, or administrative grounds brought by any means, including through direct appeal, habeas corpus petition, or civil complaint. The Defendant will not challenge or seek review of any civil or administrative forfeiture of any property subject to forfeiture under this Agreement, and will not assist any third party with any challenge or review or any petition for remission of forfeiture.

### Restitution in Cases Involving the Sexual Exploitation of Children

19.    Pursuant to 18 U.S.C. § 3663(a)(3), 18 U.S.C. § 3663A(a) & (b), 18 U.S.C. § 3664, and 18 U.S.C. § 2259, the defendant agrees to make full restitution to all minor victims of his offenses as to all counts charged, whether or not the defendant enters a plea of guilty to such counts and whether or not such counts are dismissed pursuant to this agreement. Further, the defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including

any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

20. The Defendant agrees that the total amount of restitution ordered by the Court shall be due immediately and shall be ordered to be paid forthwith. Any payment schedule imposed by the Court establishes only a minimum obligation. The Defendant will make a good faith effort to pay any restitution. Regardless of the Defendant's compliance, any payment schedule does not limit the United States' ability to collect additional amounts from the Defendant through all available collection remedies at any time. The Defendant further agrees that the Defendant will fully disclose to this Office, the probation officer, and to the Court, subject to the penalty of perjury, all information (including but not limited to copies of all relevant bank and financial records) regarding the current location and prior disposition of all funds obtained as a result of the criminal conduct set forth in the factual stipulation. The Defendant further agrees to take all reasonable steps to retrieve or repatriate any such funds and to make them available for restitution. If the Defendant does not fulfill this provision, it will be considered a material breach of this Agreement, and this Office may seek to be relieved of its obligations under this Agreement.

### Defendant's Conduct Prior to Sentencing and Breach

21. Between now and the date of the sentencing, the Defendant will not engage in conduct that constitutes obstruction of justice under U.S.S.G. § 3C1.1; will not violate any federal, state, or local law; will acknowledge guilt to the probation officer and the Court; will be truthful in any statement to the Court, this Office, law enforcement agents, and probation officers; will cooperate in the preparation of the presentence report; and will not move to withdraw from the plea of guilty or from this Agreement.

22. If the Defendant engages in conduct prior to sentencing that violates the above paragraph of this Agreement, and the Court finds a violation by a preponderance of the evidence, then: (i) this Office will be free from its obligations under this Agreement; (ii) this Office may make sentencing arguments and recommendations different from those set out in this Agreement, even if the Agreement was reached pursuant to Rule 11(c)(1)(C); and (iii) in any criminal or civil proceeding, this Office will be free to use against the Defendant all statements made by the Defendant and any of the information or materials provided by the Defendant, including statements, information, and materials provided pursuant to this Agreement, and statements made during proceedings before the Court pursuant to Rule 11 of the Federal Rules of Criminal Procedure. A determination that this Office is released from its obligations under this Agreement will not permit the Defendant to withdraw the guilty plea. The Defendant acknowledges that the Defendant may not withdraw the Defendant's guilty plea—even if made pursuant to Rule 11(c)(1)(C)—if the Court finds that the Defendant breached the Agreement. In that event, neither the Court nor the Government will be bound by the specific sentence or sentencing range agreed and stipulated to herein pursuant to Rule 11(c)(1)(C).

### Court Not a Party

23.     The Court is not a party to this Agreement. The sentence to be imposed is within the sole discretion of the Court. The Court is not bound by the Sentencing Guidelines stipulation in this Agreement. The Court will determine the facts relevant to sentencing. The Court is not required to accept any recommendation or stipulation of the parties. The Court has the power to impose a sentence up to the maximum penalty allowed by law. If the Court makes sentencing findings different from those stipulated in this Agreement, or if the Court imposes any sentence up to the maximum allowed by statute, the Defendant will remain bound to fulfill all of the obligations under this Agreement. Neither the prosecutor, defense counsel, nor the Court can make a binding prediction, promise, or representation as to what guidelines range or sentence the Defendant will receive. The Defendant agrees that no one has made such a binding prediction or promise

Entire Agreement

24.     This letter, together with the Sealed Supplement, constitutes the complete plea agreement in this case. This letter, together with the Sealed Supplement, supersedes any prior understandings, promises, or conditions between this Office and the Defendant. There are no other agreements, promises, undertakings, or understandings between the Defendant and this Office other than those set forth in this letter and the Sealed Supplement. No changes to this Agreement will be effective unless in writing, signed by all parties and approved by the Court.

If the Defendant fully accepts each and every term and condition of this Agreement, please sign and have the Defendant sign the original and return it to me promptly.

Very truly yours,

Erek L. Barron
United States Attorney

/s/

Christine Duey
Abigail Ticse
Assistant United States Attorneys

I have read this Agreement, including the Sealed Supplement, and carefully reviewed every part of it with my attorney. I understand it and I voluntarily agree to it. Specifically, I have reviewed the Factual and Advisory Guidelines Stipulation with my attorney and I do not wish to change any part of it. I am completely satisfied with the representation of my attorney.

12/8/21
Date

Kyle Elio Ripper
Defendant

I am the Defendant's attorney. I have carefully reviewed every part of this Agreement, including the Sealed Supplement with the Defendant. The Defendant advises me that the

Rev. August 2018

Defendant understands and accepts its terms. To my knowledge, the Defendant's decision to enter into this Agreement is an informed and voluntary one.

_12/8/21_
Date

_/s/ Sedira Banan_
Sedira Banan, Esq.
Counsel for the Defendant

## ATTACHMENT A

## STIPULATION OF FACTS

*The undersigned parties stipulate and agree that if this case had proceeded to trial, this Office would have proven the following facts beyond a reasonable doubt. The undersigned parties also stipulate and agree that the following facts do not encompass all of the evidence that would have been presented had this matter proceeded to trial.*

Kyle Elio Ripper ("Ripper"), is 24 years old, and is a resident of Laurel, Maryland.

On January 17, 2020, Talbot County Sheriff's Office ("TCSO") initiated this investigation after discovering evidence that an adult male had sexual contact with a fourteen-year-old male (Minor Victim #1). Investigators from TCSO and the U.S. Department of Homeland Security obtained search warrants in furtherance of the investigation, which included warrants to search Ripper's residence at 186 Jill Lane, Apartment 204, in Laurel, Maryland and Ripper's 2007 silver Chrysler Pacifica. Investigators seized several digital devices during the execution of the search warrants on March 10, 2020, including Ripper's Apple iPhone 8 Plus cell phone, which was manufactured in China ("Apple iPhone"). Upon further investigation and review of electronic and digital evidence gathered in this case, it was discovered that on December 28, 2019, Ripper used his Apple iPhone to communicate with Minor Victim #1 via text message as follows:

Ripper:   "When can I see you again" …

Victim 1:   "You might be able to come tn, but if you do, we would have to do it in your car again. idk about Sunday or Monday though"

Ripper:   "I really don't want to in my car … Are you sure you wanna keep doing this …. Like, our relationship … I just wanna make sure you don't have any regrets later in life"

Victim 1:   "doing what? idk how to answer it. part of me still wants to do this, but another is saying that it's already bad enough"

Ripper:   "Why is it bad? Wym bad enough"

Victim 1:   "you know I'm not 18. and if somebody found out or we got caught. It's going to be bad"

Ripper:   "I know it's risky. But I can't stop loving you … Are you okay if I film? I want something to remember this by because it's risky coming to see you a lot" …

Ripper:   "If you want to send me some pregame pics that works too … Can you show me your hard cock"

| | |
|---|---|
| Victim 1: | "I'm not hard and don't have any pics of it" |
| Ripper: | "Take one I like soft. Balls too" |
| Victim 1: | "I don't really do dick pics like that anymore" |
| Ripper: | "Please for me." (After this text message was sent to Minor Victim #1, the minor sent an image depicting his naked penis to Ripper, bearing partial file name "CE876.JPG," via text message to Ripper's Apple iPhone at approximately 9:37 pm on December 28, 2019). |

Ripper arrived at Minor Victim #1's residence about an hour after these text communications were sent. Ripper engaged in sexual contact with Minor Victim #1 in the victim's backyard. Using his Apple iPhone, Ripper produced videos of the sexual contact as follows:

**Video file "IMG_1032:"** this file depicts Minor Victim 1 with Ripper's penis in and around his mouth. Ripper produced this video on December 28, 2019 at approximately 10:28 pm.

**Video file "IMG_1033:"** this file depicts Ripper placing and moving his mouth on Minor Victim #1's penis. Ripper produced this video on December 28, 2019 at approximately 10:30 pm.

**Video file "IMG_1034:"** this file depicts Ripper placing and moving his mouth on Minor Victim #1's anal area. Ripper produced this video on December 28, 2019 at approximately 10:32 pm. (Shortly after this video was produced, a noise was heard in the backyard, and Ripper immediately left the scene.)

Evidence from Ripper's Apple iPhone also revealed that on January 18, 2021, Ripper communicated with Minor Victim #2, a sixteen-year-old male, via text message ~~using an internet-based mobile phone application called "Signal,"~~ summarized as follows:

| | |
|---|---|
| Ripper: | "Do you wanna sent stuff when I get home then cuz I was really looking forward to pounding u lol" |
| Victim 2: | "Sure. Was going to send you a dick pic now, but I'm not hard" |
| Ripper: | "Do it. Soft." (After this text message was sent to Minor Victim #2, the minor sent two images depicting his naked penis, via text message to Ripper's Apple iPhone, on January 18, 2021). |

On January 21, 2020, Ripper used his Apple iPhone to send text messages to Minor Victim #2, ~~using the "Signal" mobile phone application,~~ summarized as follows:

2

| | |
|---|---|
| Ripper: | "I had a really good time and I miss you. I wish you could come over tonight" |
| Victim 2: | "I'm game" |
| Ripper: | "Are you going to be sneaking out again? I'll be there at about 7:10. Almost here. Here." (After this text communication, Ripper drove Minor Victim #2 from his mother's residence in Baltimore to Ripper's residence in Anne Arundel County, and Ripper produced a video with his Apple iPhone, "IMG_1530.MOV," which depicts Ripper penetrating the minor's anus with his penis on January 21, 2020 at approximately 9:24 pm). |

During the execution of the search warrant at Ripper's residence on March 10, 2020, investigators seized a Hewlet Packard Laptop containing a 500 GB Western Digital internal hard disk drive (Serial #: WX71A96H8FED) ("HP Laptop") and a Seagate 2 TB expansion portable hard drive (serial # NA87JZSV) ("Seagate hard drive") from Ripper's bedroom. Upon forensic review of these digital devices, thousands of images and videos depicting the sexual abuse of children were discovered on Ripper's devices, including the following:

**HP Laptop**: this computer contained over 4,000 images and videos of child pornography including: (1) a three minute video depicting an adult male's erect penis penetrating the mouth of a female toddler; (2) a one minute video depicting a prepubescent female's vagina being penetrated by fingers and with objects, while the prepubescent female's hands are handcuffed and her legs are spread apart with a pole; and (3) a nine minute video depicting an adult male penetrating the vagina of a female toddler with his penis.

**Seagate Hard Drive**: this device contained over 2,000 images and videos of child pornography including: (1) a one minute video depicting a male infant, whose diaper is removed by an adult male, after which the adult male rubs the infant's penis with his fingers and then he penetrates the infant's anus with his penis; and (2) a one minute video depicting an adult male penetrating a female infant's anus with his penis and then ejaculating on the infant.

Ripper was arrested on March 10, 2020, and after a knowing, intelligent and voluntary waiver of his *Miranda* Rights, Ripper admitted that he drove to Maryland's Eastern Shore to have sexual contact with Minor Victim #1 on two occasions. He stated that he initially thought Minor Victim #1 was 18 years-old, but he admitted that Minor Victim #1 told him that he was 14-years-old before he engaged in sex acts with the minor. Ripper admitted to recording some of the sex acts with his cell phone. Ripper also admitted having sex with Minor Victim # 2. He described the sex with Minor Victim # 2 as consensual sex.

Ripper admits that he used a facility of interstate commerce to knowingly persuade, induce, entice, or coerce Minor Victim #1, a person who is younger than 18-years-old, to engage in the

production and receipt of child pornography, an illegal sexual activity in violation of state and federal law.

SO STIPULATED:    /s/
Christine Duey
Assistant United States Attorney

I have reviewed the foregoing Statement of Facts with my attorney, understand it, agree with it, and do not wish to change any part of it. I further understand that it is included as a part of my plea agreement with the government in this case.

Kyle Elio Ripper
Defendant

I am the attorney for the defendant. I have carefully reviewed every part of this Statement of Facts with him. To my knowledge, his decision to sign it is an informed and voluntary one.

Sedira Banan, Esq.
Counsel for Defendant