**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | |
| | * | |
| **v.** | * | **CRIMINAL NO.  SAG-20-362** |
| | * | |
| **KYLE ELIO RIPPER,** | * | |
| **Defendant.** | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\***

<u>**GOVERNMENT'S SENTENCING MEMORANDUM**</u>

The United States of America submits this memorandum in aid of sentencing and respectfully requests that the Court sentence the Defendant to 220 months of imprisonment and a 35 year term of supervised release.

**I.    Factual Summary**

In approximately December of 2019, the Defendant travelled from his apartment in Laurel, Maryland to the Eastern Shore of Maryland, to meet with a teenaged boy that he met on the internet.  It was dark outside, and the Defendant parked his car down the street from the fourteen-year-old boy's house.  The minor left his home, and entered the Defendant's car.  The Defendant then engaged in numerous sexual acts with the minor male in his car, including oral and anal sex.

Later, on December 28, 2019, the Defendant communicated with the minor victim using social media and texts.  The victim expressed hesitancy about meeting with the Defendant again, because the Defendant knew he was underage.  The Defendant told him that it was risky, but that he wanted to meet with the victim again.  He asked the victim to send him nude images of his penis, and then he travelled to meet the minor victim in the backyard of the minor's home.  It was dark when he arrived at the victim's residence.  Once there, the Defendant met the victim on the grassy area of the victim's backyard, and he engaged in oral and anal sex acts on the victim.  The

1

Defendant filmed these sex acts with the camera on his cell phone.  He heard a noise in the backyard, so he ran away.  Investigators later recovered the nude image that the Defendant solicited from the victim, and they also recovered three videos that the Defendant produced of the Defendant and victim engaged in graphic, sexually explicit conduct.

Investigators also discovered evidence that the Defendant engaged in very similar misconduct with a sixteen-year-old minor male in Baltimore County.  This conduct occurred just a few weeks after the Defendant's offenses upon the fourteen-year-old male victim on the Eastern Shore.

In approximately January of 2020, the Defendant met and communicated with the second victim, a sixteen-year-old male, on social media and via text.  On January 18, 2020, the Defendant solicited the minor to send him a nude photo of his penis.  Several days later, on January 21, 2020, the Defendant drove to the minor's house and waited for him outside.  He knew that the minor was sneaking out of his mother's house. After the minor snuck out of his house and got into the Defendant's car, the Defendant drove the minor to his apartment in Laurel and engaged in sexual acts, including anal sex with the minor.  Unbeknownst to the minor, the Defendant filmed the sexually explicit conduct with the camera on his cell phone.  Investigators were able to recover the nude photo sent by the second victim, and they also recovered the sexually explicit video on the Defendant's cell phone.

Further investigation revealed thousands of images and videos on the Defendant's electronic devices in his Laurel apartment.  These disturbing, graphic images included videos of infants and toddlers being raped by adult men.

## II.   Advisory U.S.S.G. Sentencing Guidelines

The government concurs with the advisory guideline calculation set forth in the Presentence Investigation Report ("PSR"), and as detailed in the plea agreement, as follows:

| | | | |
|---|---|---|---|
| Base Offense Level (Group 1) | 32 | U.S.S.G. § 2G2.1(a) | PSR ¶ 22 |
| Minor's age: over 12, under 16: | +2 | U.S.S.G. § 2G2.1(b)(1)(B) | PSR ¶ 23 |
| Commission of Sexual Act: | +2 | U.S.S.G. § 2G2.1(b)(2)(A) | PSR ¶ 24 |
| Group 2 | | U.S.S.G. § 2G2.1 | PSR ¶¶ 29-34 |
| Group 3 | | U.S.S.G. § 2G2.2 | PSR ¶¶ 35-44 |
| Multiple Counts Adjustment: | +3 | U.S.S.G. § 3D1.4(a)-(c) | PSR ¶¶ 45-48 |
| Acceptance of Responsibility: | -3 | U.S.S.G. § 3E1.1(b) | PSR ¶¶ 50-51 |
| Total Offense Level: | 36 | | PSR ¶ 51 |
| | | | |
| Total Offense level: | **36** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 51 |
| Criminal History Category: | **I** | U.S.S.G. Chapter 5 (Part A) | PSR ¶ 56 |
| | | | |
| Advisory Guideline Range: | 188 - 235 months incarceration | | PSR ¶ 134 |

## III.   Government's Position Regarding Imposition of Sentence

Considering the applicable enhancements to the offense level and the Defendant's Category I Criminal History, the PSR calculates the Defendant's advisory guideline range as 188 – 235 months incarceration.  PSR ¶ 134.  Additionally, there is a ten-year mandatory minimum jail term applicable in this case.  PSR ¶ 57.  The government respectfully submits, considering all of the facts and circumstances of this case, that a 220 month term of confinement is a reasonable and appropriate sentence in this case, as described further below.  The government also recommends that the Defendant be placed on a supervised release for 35 years.

## IV.   18 U.S.C. § 3553(a) Factors

### A.  A significant sentence is necessary to reflect the seriousness of the offense, to provide just punishment, and to promote respect for the law.

The Defendant's misconduct in this case is very serious.  The impact his crime has had upon the fourteen-year old victim (Victim #1) and his family was significant.  The minor victim

3

experienced depression, and his family has sought therapy for him.  The victim's mother submitted a victim impact statement, stating "Mr. Ripper took advantage of [Victim 1] and preyed on him due to him being young and vulnerable. He took something so special from my child that he will never get back."  The victim's mother also stated that she is "still furious about what happened and feel terrible that I couldn't protect my son from this."

The Defendant drove to the mother's house on two occasions and coerced and enticed the victim to leave the house and engage in sex acts.  The Defendant knew that the victim was underaged and vulnerable, and he knew the risk he was taking by having sex with a minor – but he took the risk anyway.  The Defendant asked the victim to send him images of his penis  via text, and then drove to the minor's house and met him on the grass in the minor's backyard.  Under the cover of darkness, the Defendant engaged in oral and anal sex acts with the minor.  The Defendant filmed those sex acts with the camera on his cell phone, but was interrupted by a noise in the backyard, which caused him to run away.  This behavior demonstrates the Defendant's lack of respect for the law, because the Defendant clearly understood that his conduct was illegal

The Defendant also knew the severity of his crime.  When the minor victim expressed reluctance about meeting the Defendant, the Defendant stated "I know it's risky. But I can't stop loving you … Are you okay if I film? I want something to remember this by because it's risky coming to see you."

Shortly after he committed the crimes against Minor Victim #1, the Defendant met another minor male on the internet and engaged in very similar misconduct against Minor Victim #2.  Minor Victim #2 was sixteen-years-old, and the Defendant enticed Victim #2 to send photos of his penis to the Defendant, and later, he drove to the Victim #2's mother's house.  Each time he went

to the house, and texted that he had arrived, the Defendant knew the minor was sneaking out of his mother's house to meet with him, and on both occasions, the Defendant drove Victim #2 to his apartment and engaged in anal sex with the minor.

The Defendant's conduct displays a very disturbing pattern. A 220 month sentence will reflect the seriousness of the Defendant's crimes and will provide just punishment. This sentence will also promote the Defendant's respect for the law.

## B. Protection of the Public

A 220 month sentence is necessary to protect the community. The Defendant met and befriended two minor males on social media. He convinced the minors to send him nude photos. Then, he drove to the minors' neighborhoods under the cover of darkness. He enticed the minors to sneak out of their homes, and thereafter, he engaged in sexual activity with the minors. He took videos of the sex acts, depicting the minors engaged in graphic, sexually explicit conduct. The Defendant's conduct clearly poses a very serious threat to the safety of minor males in our community.

Further, the Defendant appears to have a sexual interest in very young children, which is demonstrated by his collection of over 6,000 images and videos depicting prepubescent children being sexually assaulted. The videos possessed by the Defendant contained horrific images of infants and toddlers being vaginally and anally raped by adult men. The names of many of the victims depicted in these haunting images are not known. However, several of the victims depicted in the images found on the Defendant's computers have been identified. These victims have to live with the soul-destroying knowledge that images depicting their sexual abuse will live forever on the internet, and in places like the Defendant's computer. The detrimental, lifetime impact that

5

this crime has on the victims of the trafficked images cannot be overstated. As detailed in the victim impact statements submitted to the Court, the fact that these images are repeatedly trafficked on the internet has caused victims and their families to struggle for many years with serious depression and anxiety. The tremendous fear that these victims face, of being recognized in their communities, is never-ending. In seeking out, viewing and possessing these images, the Defendant contributed to the illicit, online marketplace of videos and images of children being sexually assaulted, thereby participating in the continued destruction of these victims' lives.

The Defendant poses a danger to the community, and there is a need to protect the public in this case. Because of this risk of danger minors in the community, a 220 month jail sentence will afford some measure of protection to the public. Further, a lengthy term of supervised release will also serve to mitigate the danger that the Defendant poses to the community.

### C. A substantial sentence is necessary to afford adequate specific and general deterrence

A significant sentence and term of supervised release will act as a deterrent, and will specifically deter this Defendant from committing additional crimes against children while he is incarcerated and on supervised release. However, there is an equally urgent need to send a strong message to the community regarding the wrongfulness of the Defendant's conduct. Imposing a 220 month sentence will act as a deterrent, not just to the Defendant, but to other individuals in the general community. A 220 month sentence will send a strong message to the community, that enticing and sexually abusing minors is considered a very serious crime that carries the potential of a significant jail sentence. This message will provide notice that those who use social media and text platforms to entice and coerce vulnerable minors to produce and send sexually explicit

images, will be held accountable and will receive significant punishment for their crimes against vulnerable minors.

## V.    Restitution

Several of the identified victims, whose images were depicted in the photos and videos recovered from the Defendant's electronic devices, have submitted requests for restitution in this case.  These victims submitted reports and other information related to the factors outlined in 18 U.S.C. § 2259, and these materials have been provided to Counsel for the Defendant.  The Government has made attempts to coordinate with the victims' representatives and Counsel for the Defendant regarding restitution in this matter, and it appears that the amount of restitution has been agreed upon by the parties.  At sentencing, it is anticipated that restitution will be agreed upon as follows:

Anticipated Restitution Amount: $36,000

**Victim**:  "8 kids" series
Restitution Amount:  $15,000 (Five victims, $3,000 per victim)

**Victim**:  "At School" series
Restitution Amount: $3,000

**Victim**:  "Vicky" series
Restitution Amount: $3,000

**Victim**:  "Marineland1" series
Restitution Amount:   $3,000

**Victim**:  "Bluesplaid3" series
Restitution Amount:  $3,000

**Victim**:  "Bluesplaid4" series
Restitution Amount:  $3,000

**Victim**:  "Sweet White Sugar" series
Restitution Amount: $3,000

**Victim**: "Tara" series
Restitution Amount: $3,000

## VI.    Conclusion

For the reasons set forth above, the government respectfully submits that 220 months confinement and a 35 year term of supervised release is a reasonable sentence, and is sufficient, but not greater than necessary to comply with the sentencing factors set forth in 18 U.S.C. § 3553(a)(2).

Respectfully submitted,

Erek Barron
United States Attorney

By:    _____/s/_____
Christine Duey
Abigail Ticse
Assistant United States Attorneys

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a copy of the foregoing document was served electronically via ECF to counsel of record for the defendant.

/s/_____
Christine Duey
Assistant United States Attorney